FILED

2019 AUG -7 A 10: 01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: MO  DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Valentin LOPEZ-Sanchez (1),<br>Hector Armando OCHOA-Tolento (2),<br>E. B. L. (3),<br>E. A. R. V. (4),<br><br>Material Witnesses. | Case No.: '19MJ10250<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 18, U.S.C., § 3144<br>F.R. Crim.P. [Material Witness]<br><br><br><br>**FIRST AMENDED COMPLAINT** |

The undersigned complaint being duly sworn states:

On or about August 3, 2019, within the Southern District of California, Valentin LOPEZ-Sanchez, Hector Armando OCHOA-Tolento, E. B. L., and E. A. R. V., aliens, were transported, attempted to be transported, or moved by D. H. C., charged elsewhere in a juvenile petition entitled *People of the State of California v. D. H. C.* (Case No. JJL 000490), knowingly, or in reckless disregard of the fact that said aliens had come to, entered or remained in the United States in violation of law.

The above named material witnesses are citizens and nationals of a country other than the United States of America, with no legal right to enter the United States of America, and

1

have no apparent means, with no legal right to enter or remain in the United States. Complainant further alleges that their presence is required as material witnesses in order to prosecute the case against D. H. C.

And the complainant further states that he believes that said aliens are citizens of a country other than the United States, that said aliens have admitted that they are deportable as defined in Title 8, United States Code, Section 1229, that is impracticable to secure their attendance at the trial thereof by subpoena, that they are material witnesses, and should be held or admitted bail pursuant to Title 18, United States Code, Section 3144.

The complainant states this complaint is based on the attached Statement of Facts incorporated herein by reference.

ANNA DAVALOS
BORDER PATROL AGENT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 7th DAY OF AUGUST 2019.

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

## STATEMENT OF FACTS

This Complaint and Statement of Facts is being amended to reflect the redacted name of two material witnesses to this event who are juveniles at the time of the filing of this Material Witness Complaint.

Complainant states that Valentin LOPEZ-Sanchez, Hector Armando OCHOA-Tolento, E. B. L., and E. A. R. V. are citizens of a country other than the United States; that said aliens have admitted that they are deportable or have previously been deported, that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and they are material witnesses in relation to the offenses charged in a juvenile petition in *People of the State of California v. D. H. C.* (Case No. JJL 000490) filed in Imperial County Superior Court, including the transportation of illegal aliens, in violation of 8 U.S.C. 1324; and should be held or admitted to bail pursuant to 18 U.S.C. §3144.

On August 3, 2019, U.S. Border Patrol Agent (BPA) F. Acevedo was assigned to operate the Remote Video Surveillance System (RVSS) at the Calexico Station. At approximately 4:45 p.m., BPA Acevedo observed five individuals swimming across the All American Canal (AAC) approximately seven miles east of the Calexico, California West Port of Entry. At this time, BPA Acevedo maintained surveillance of the area and notified Agents of the event. Moments later, BPA Acevedo observed as four individuals exited the AAC and the fifth individual returned to Mexico. RVSS Operators observed as the

3

individuals ran approximately 100 yards and hid behind some brush. RVSS noticed the four individuals board a silver colored Dodge minivan (Dodge).

BPA Mills responded to area and began following the Dodge. BPA Mills noticed the Dodge run a red light and activated his emergency lights and sirens in attempt to conduct a vehicle stop. The Dodge failed to yield and continued driving. After a short pursuit, and an attempt to stop the Dodge with a Controlled Tire Deflation Device, the Dodge eventually came to a stop by driving off the road. BPA Mills apprehended the driver of the vehicle, later identified as D.H.C., and identified himself as a BPA.  BPA Mills questioned D.H.C. as to his citizenship and ascertained he was a United States Citizen.

BPA Acevedo arrived on scene, identified himself as a BPA, and questioned the four passengers as to their citizenship. Through questioning, BPA Acevedo ascertained that the all four subjects, later identified as Valentin LOPEZ-Sanchez, Hector Armando OCHOA-Tolento, E. B. L., and E. A. R. V., were citizens and nationals of Mexico without the proper documentation to enter, work or remain in the United States legally.

On or about August 6, 2019, a juvenile petition charging D.H.C. with violations of 8 U.S.C. 1324, including the Transportation of Certain Aliens, was filed with the Imperial County Superior Court.

As certain aliens unlawfully transported by D.H.C. during the above described incident, these Material Witnesses possess information that is material to the offenses

charged in the above described petition. The complainant states the name of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Valentin LOPEZ-Sanchez | Mexico |
| Hector Armando OCHOA-Tolento | Mexico |
| E. B. L. | Mexico |
| E. A. R. V. | Mexico |

Further, complainant states that the Material Witnesses are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and that they are material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.